UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(Via certified mail)

| | |
|---|---|
| MILES J. BRKOVICH | : |
| Plaintiff (Creditor), | : |
| VS | : CASE NUMBER |
| SARAH E. BRKOVICH | : |
| | : 12-24794-CMB |
| Defendant (Debtor) | : |

## CHALLENGE TO DISCHARGEABILITY OF CERTAIN DEBTS

**Statement of Material Facts**

The creditor and the debtor were married to each other on January 19, 2006 and were legally separated on December 13, 2008. During this short marriage the parties incurred a net increase in debt amounting to approximately $112,000. All of the increase in debt (i.e., marital debt) was and remains in the name of the creditor. The debtor has no debts per her testimony at the 341 hearing on October 26, 2012. When the creditor asked the debtor directly how much she owes creditor, debtor stated "zero". The debtor's attorney stated to the creditor at the 341 hearing that the debtor in fact owes the creditor approximately $112,000 in non-marital debt. An equitable distribution hearing relative to the divorce of creditor and debtor was scheduled for October 1, 2012, however, the debtor filed for Chapter 7 bankruptcy just prior to the hearing causing a stay in the proceedings. This hearing was to determine what, if any, marital debt should be allocated to each party in the divorce. The master would also determine the nature of such debt, i.e., spousal support versus other marital debt. Since the hearing did not take place, the debtor currently has no debt to be discharged.

## Marital Debt - Definition

A debt is considered "marital" if it was incurred after the date of marriage and before the date of final separation. Marital debts include items such as mortgages, loans, credit card balances, and tax obligations. A debt may be considered marital even if it was incurred by only one of the spouses during the marriage. If, for example, one spouse runs up a big credit card bill for clothes or other items during the marriage, both spouses will be liable for the payments. By definition, the increase in debt during the marriage of creditor and debtor is "marital debt".

## Equitable Distribution of Debt - Definition

Equitable distribution of debt is the process of dividing marital debts. Because Pennsylvania is an equitable distribution state and not a community property state, its courts divide marital debt based upon principles of equity, or in other words, what a judge (master) thinks is fair. Since the master will take into account the debtor's ability to pay prior to distributing the debt, any bankruptcy filing by the debtor would be irrelevant.

## Master vs Bankruptcy Court

By definition, bankruptcy is meant to provide a new start to someone who has incurred an unmanageable amount of debt. It is **NOT** meant to be used as a method to avoid marital obligations and to place an undue burden on the other spouse and his dependent. During the short marriage debtor was physically and mentally abusive to creditor and his child. Debtor sold her home and gifted a rental property she owned to her family just prior to marriage. Debtor also quit her job just after the marriage began. Debtor went into retirement and lived off of the creditor, thus causing debt to increase during the short marriage at an alarming rate. Defendant refused to find a job and encouraged plaintiff to withdraw his son from Catholic school to save money and, in effect, fund her retirement. This has caused a severe undue hardship to the

creditor and his dependent son. In a last ditch effort to avoid **ANY** responsibility, the debtor's divorce attorney, Wm. Jeffrey Leonard, recommended that the debtor file for bankruptcy. It is the creditor's contention that the issue of marital debt should be decided in a master's hearing according to Pennsylvania equitable distribution rules rather than in a bankruptcy court. Doing otherwise would be a clear abuse of the intent of the bankruptcy relief laws. Although the defendant initially filed for divorce, the defendant and her attorney have dragged the process out for four years. The bankruptcy filing was done at the last possible moment as a ploy to delay the master's hearing into the fifth year of the process. The defendant and her attorney initially pushed for the equitable distribution process until it became clear that marital debt was all that existed. Again, it is clear that the bankruptcy laws are being abused by the defendant and her attorneys.

### Debts Not Dischargeable in Chapter 7 Bankruptcy

Section 523(a)(5) of the bankruptcy code establishes as **non-dischargeable** the Paying Spouse's (i.e., debtor's) obligations of alimony, maintenance and support. Section 523(a)(15) provides that the Paying Spouse (debtor) is not discharged from any debt "not of the kind described in paragraph [523(a)(5)] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless— (A) the debtor <u>does not have the ability to pay such debt from income</u> or property of the debtor <u>not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor</u> and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or (B)

discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor."

1) The nature of any debt obligations to the defendant has not been determined by the appointed Master yet. Therefore, a portion or all of the debt in question may be found to be alimony, maintenance and/or support. In such a case, Section 523(a)(5) specifically prohibits discharge.

2) The debtor would also not meet the requirements of 523(a)(15) as she would be able to afford a modest repayment schedule to the plaintiff with her current earnings. The creditor (plaintiff) is willing to accept a reasonable payment schedule based upon the debtor's ability to repay. Plaintiff is willing to accept adjustments to the monthly repayment amounts based upon increases or decreases in the defendant's income. If, down the road, the defendant wins the lottery or comes into an inheritance, she can pay the debt off in full. In this way the defendant's lifestyle would remain unchanged while the plaintiff would receive some relief from the excessive marital debt in his efforts to repay it. Also, the defendant is not engaged in a business, thus having no requirement to make expenditures necessary for the continuation, preservation, and operation of such business.

3) As part of the bankruptcy rules, the debtor cannot make unnecessary expenditures in lieu of paying legitimate debts. The underlined portion of (A) above makes this clear, i.e., to avoid discharge the debtor must not have the ability to pay such debt from income or property of the debtor **not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor**. The debtor smokes about a pack of cigarettes per day and drinks wine on a daily basis. If either or both of these

spending habits were curtailed slightly, the debtor would have sufficient funds to begin a modest repayment plan to the creditor. For example, a survey conducted by The Awl found that the average price of a pack of cigarettes in Pennsylvania in 2012 is $6.93. Thus the defendant is currently making expenditures "unnecessary" for her maintenance of about $208 per month ($6.93 per pack times 30 days per month). This alone demonstrates the defendant's ability to make a contribution toward her share of the marital debt.

**Benefits of Not Discharging Marital Debts**

1) Debtor will not have a bankruptcy on her credit report for years to come.

2) Debtor works at Westmoreland County Community College, thus getting a tuition break. Debtor has expressed an interest in getting a nursing degree, but appears to be holding back on this higher earning potential until she is absolved of her marital debt responsibilities. Debtor is extremely capable of earning at a higher income level than her current clerical position.

3) Debtor will face her responsibilities and truly learn about living within her means.

4) Creditor/plaintiff will keep all marital debt in the plaintiff's name and allow the debtor/defendant to make manageable monthly payments directly to the plaintiff based upon the debtor's ability to pay. This will ease the burden of the excessive marital debt being borne by the plaintiff and, ultimately, his dependent son. This will also keep the debtor's credit report "clean" and the debtor unencumbered by numerous creditors.

5) Creditor will be better able to pay for his son's college costs (about $25,000 per year) thus reducing the debt burden on his son at the start of his adult life.

6) Plaintiff's income has dropped dramatically over the past four years due to job losses and other decreases in income. Plaintiff is still dealing with marital debt including excessive interest. Plaintiff still has mortgage payments and real estate taxes plus the cost of his son's college tuition even though his income is almost half of what it was four years ago. If the debt owed to the plaintiff is discharged this may lead to the plaintiff also filing for bankruptcy. On the other hand, not discharging the debt would lead to both parties equitably and responsibly paying back what is owed to others.

7) Debtor has **no** dependents or obligations other than her own existence. Creditor/plaintiff has numerous obligations including a son in college and a sibling on SSI.

## Conclusion

Based on the above as well as the clear intent of the bankruptcy laws, the plaintiff requests that any discharge of the defendant's debts be non-marital in nature. Any marital debts should be excluded from bankruptcy discharge and decided using the appropriate Pennsylvania equitable distribution procedures as defined in the Pennsylvania divorce code.

RESPECTFULLY SUBMITTED

By: *[signature]*

Miles J. Brkovich
Pro Se
113 Pembroke Ct.
Greensburg, PA 15601
(724) 552-6012

Dated: December 19, 2012
cc: Attorney Terence O'Halloran
*(defendant's attorney Via certified mail:*
*15 East Otterman St.*
*Greensburg, PA 15601-2501)*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
2012 DEC 21 AM 10: 12

| | |
|---|---|
| MILES J. BRKOVICH : | |
| : | |
| Plaintiff (Creditor), : | |
| : | |
| VS : | CASE NUMBER |
| SARAH E. BRKOVICH : | |
| : | 12-24794-CMB |
| Defendant (Debtor) : | |
| : | Chapter 7 |

## CERTIFICATE OF SERVICE

I hereby certify that I am this 20th day of December, 2012, serving a copy of the foregoing Challenge to Dischargeability of Certain Debts on the following person:

*(Via 1st Certified Mail)*
Terence O'Halloran
15 East Otterman Street
Greensburg, PA 15601-2501

By: _____
Miles J. Brkovich, Pro Se

DATED: December 20, 2012