IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: </br></br>SARAH E. BRKOVICH, </br></br>Debtor. </br></br>────────────────── </br></br>MILES J. BRKOVICH, </br></br>Plaintiff, </br></br>v. </br></br>SARAH E. BRKOVICH, </br></br>Defendant. | Bankruptcy No. 12-24794 – CMB </br></br>Chapter 7 </br></br></br></br></br></br>Adversary No. 12-2534 – CMB </br></br></br>Related to Doc. No. 26 |

## ORDER

**AND NOW,** this 27th day of May, 2014, whereas Miles J. Brkovich, former spouse of Debtor, filed a *Motion for Summary Judgment* ("Motion") in the above-captioned adversary proceeding, and upon consideration of Mr. Brkovich's *Challenge to Dischargeability of Certain Debts* ("Complaint"), the Debtor's Answer thereto, Mr. Brkovich's instant Motion, the Debtor's Response thereto and Mr. Brkovich's subsequent responsive pleading, the family court proceedings in the Court of Common Pleas of Westmoreland County ("State Court"), the arguments of counsel and Mr. Brkovich at the numerous hearings before this Court,[1] and a review of the record of this proceeding,

This Court finds that:

1. Mr. Brkovich bears the burden to establish that he is entitled to judgment as a matter of law.
2. Mr. Brkovich has not established, and does not appear to contend at this time, that Debtor owes any domestic support obligation to him subject to 11 U.S.C. §523(a)(5).

---

[1] Much of the oral argument at the May 22, 2014 hearing was entirely irrelevant to the matter before the Court and will not be considered herein.

1

3. Mr. Brkovich alleges nondischargeability pursuant to 11 U.S.C. §523(a)(15), which provides that the following debts are excepted from discharge: "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]"

4. At the time the instant adversary proceeding was commenced, no determination of apportionment of marital debt had been made in the State Court proceedings, and said proceedings were stayed by the filing of Debtor's bankruptcy case. While Mr. Brkovich contended that any potential marital debts should be excluded from the Debtor's discharge, Debtor disputed that she owed Mr. Brkovich with respect to any marital debt. Notwithstanding this disagreement, the parties agreed that the State Court was the appropriate forum for determination of any pending alimony, maintenance, support and/or equitable distribution claims. Accordingly, this Court entered an Order dated March 28, 2013 to permit a determination to be made in the State Court proceedings and directed the parties to return to this Court thereafter for resolution of the pending proceeding commenced by Mr. Brkovich.

5. The Master's Report, a copy of which was docketed in this proceeding, recommended entry of an order in the State Court proceedings providing, *inter alia*, that "[t]he Wife shall contribute $10,000.00 toward credit card debt to be paid to the Husband . . . ." At the May 22, 2014 hearing before this Court, a copy of an Order of the State Court dated April 25, 2014 was provided. Said Order adopts the above-language of the Master's Report, imposing upon the Debtor an obligation to contribute $10,000.00 toward credit card debt by making specified payments to Mr. Brkovich. This Court was also advised that Mr. Brkovich is appealing the State Court Order. Thus, at this time, there is no final determination as to the amount of debt owed by Debtor to Mr. Brkovich.

6. Notwithstanding the uncertainty of the final amount of debt owed by Debtor to Mr. Brkovich, at both the April 25, 2014 status conference and May 22, 2014 hearing before this Court, Debtor conceded that $10,000.00 owed to Mr. Brkovich is nondischargeable. In light of the State Court's April 25, 2014 Order, this concession by Debtor is consistent with §523(a)(15), and this Court finds that the dischargeability of the debt owed to Mr.

Brkovich in the amount of $10,000.00 is not in dispute. Without Debtor's concession in this regard, this Court would find Mr. Brkovich's Motion for Summary Judgment to be premature and would await a final order in the State Court proceedings before determining any amount to be nondischargeable. However, under the circumstances, Mr. Brkovich has established that he is entitled to a finding of nondischargeability in the amount of at least $10,000.00.

7. To the extent Mr. Brkovich requests sanctions against Debtor's counsel, Mr. Brkovich failed to establish a basis for sanctions. Furthermore, any allegations of misconduct by Debtor's counsel in the State Court proceedings are not properly before this Court.

For the foregoing reasons and for the reasons expressed on the record, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. Mr. Brkovich's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART** as provided herein.
2. Mr. Brkovich's request for sanctions against Debtor's counsel is denied.
3. Debtor owes Mr. Brkovich a debt in the amount of $10,000.00 which is non-dischargeable. Should it be determined as a result of the pending appeal that the debt owed to Mr. Brkovich by Debtor is more than $10,000.00, Mr. Brkovich may seek appropriate relief from this Court.
4. The parties shall promptly advise this Court when the State Court proceedings, including appeals, have concluded so that this adversary proceeding may be closed.
5. A status conference will be held on September 9, 2014 at 3:00 P.M. to address whether this adversary proceeding may be closed at that time.

          /s/ Carlota M. Böhm  
          Carlota M. Böhm  
          United States Bankruptcy Judge

**COPY MAILED TO:**

Miles J. Brkovich  
113 Pembroke Ct.  
Greensburg, PA 15601



FILED

MAY 27 2014

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA