IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 12-24794-CMB |
| | ) | |
| SARAH E. BRKOVICH, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | |
| MILES J. BRKOVICH, | ) | |
|     Movant (Creditor), | ) | |
| | ) | Adversary No. 12-2534-CMB |
| vs. | ) | |
| | ) | Related to Doc. No. 54, 89 |
| SARAH E. BRKOVICH, | ) | |
|     Respondent (Debtor). | ) | |

## **MEMORANDUM OPINION**

The matters before the Court are two motions for sanctions filed pro se in the above-captioned adversary proceeding by Miles J. Brkovich ("Mr. Brkovich") on June 12, 2015 ("June Motion") and December 1, 2015 ("December Motion"), seeking sanctions against Terence O'Halloran, Esq. and William Jeffrey Leonard, Esq.[1] for alleged violations of Fed.R.Bankr.P. 9011. A hearing was held on the June Motion on October 27, 2015, and post-hearing briefs were submitted by the parties. On December 22, 2015, a hearing was held on the December Motion. The matters are now ripe for decision.[2]

---

[1] The caption of the within *Memorandum Opinion* reflects the parties as identified by Mr. Brkovich in both the June Motion and December Motion. The Court notes that although Debtor is named as Respondent to the relevant motions, the claims for sanctions set forth therein are against Attorneys O'Halloran and Leonard and not Debtor.

[2] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter and the Court will enter final judgment.

Procedural History & Background

As this Court writes primarily for the benefit of the parties, the Court will not provide herein a complete recounting of the extensive factual and procedural history of the litigation between Mr. Brkovich; Debtor, Sarah E. Brkovich; Attorney Leonard; and/or Attorney O'Halloran, much of which is not relevant to the within matter.

Debtor, through Attorney Leonard, filed for divorce from Mr. Brkovich in December 2008, wherein Debtor sought equitable distribution. Mr. Brkovich avers that during the course of the divorce proceedings, Attorney Leonard informed Mr. Brkovich's divorce counsel that if Mr. Brkovich pursued equitable distribution of the *marital* debt, Debtor would file for bankruptcy to discharge Debtor's portion. Attorneys O'Halloran and Leonard maintain that, at the time of said representation, it was believed that the debt was *non-marital* and thus, dischargeable.

After several delays, a Master's Hearing was set for October 1, 2012, at which distribution of the alleged marital debt was to be addressed. On September 27, 2012, Debtor filed the underlying bankruptcy case pursuant to Chapter 7 of the Bankruptcy Code. Mr. Brkovich commenced the above-captioned adversary proceeding against Debtor on December 21, 2012, by filing a complaint asserting non-dischargeability of a debt pursuant to 11 U.S.C. §§523(a)(5) and (15). Due to Debtor's bankruptcy filing, the Master's Hearing was rescheduled to July 17, 2013. Mr. Brkovich avers that between the date of the bankruptcy filing and the rescheduled Master's Hearing, Debtor's mental and financial well-being appeared to have deteriorated so significantly as to alter the outcome of the Master's Hearing. Specifically, he contends that due to Debtor's perceived disability, the Master decreased the amount payable to

Mr. Brkovich by Debtor. Mr. Brkovich appealed the outcome of the Master's Hearing to the Superior Court of Pennsylvania, which affirmed the holding of the lower court.

An order regarding dischargeability of the debt to Mr. Brkovich was entered by this Court in the within adversary proceeding on May 27, 2014. Subsequently, this Court determined at the continued status conference held June 3, 2015, that the underlying dischargeability action had concluded and directed that the adversary proceeding be closed.

On June 12, 2015, Mr. Brkovich filed his June Motion against Attorneys O'Halloran and Leonard wherein Mr. Brkovich alleges that Attorneys O'Halloran and Leonard violated Fed.R.Bankr.P. 9011 by improperly filing Debtor's bankruptcy petition. Attorneys O'Halloran and Leonard filed their individual responses thereto. Subsequently, Mr. Brkovich filed his *Answer to Debtor's Response to Movant's Motion for Sanctions*. An evidentiary hearing on the June Motion was held on October 27, 2015, at which a briefing deadline was set by the Court for December 7, 2015. During the briefing period, Mr. Brkovich filed another motion for sanctions on December 1, 2015, and a hearing on said motion was set for December 22, 2015. Due to the relatedness of the December Motion to the June Motion, the Court stated in its order scheduling the December Motion that no decision would be rendered on the June Motion until the conclusion of the December 22, 2015 hearing. Briefs were submitted by Attorney O'Halloran on December 4, 2015, and Mr. Brkovich on December 7, 2015. Attorney O'Halloran filed a response to the December Motion on December 18, 2015. Also on December 18, 2015, Mr. Brkovich filed a response to Attorney O'Halloran's December 4, 2015 brief alleging defamation.

With this background in mind, the Court considers the applicability of sanctions pursuant to Fed.R.Bankr.P. 9011.

<u>Applicable Standard</u>

Federal Rule of Bankruptcy Procedure 9011 states, in part, that:

> (b) Representations to the court
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Courts within this jurisdiction have previously observed that:

> The primary purpose of *Fed.R. Civ.P. 11* is to deter abuses of the judicial process. *Rule 9011,* which owes its origin to *Rule 11* of the Federal Civil Rules, is intended to discourage the filing of pleadings in the bankruptcy practice that are "frivolous, legally unreasonable, or without factual foundation."  In considering violations of *Rule 9011,* an objective standard is to be applied to determine the "reasonableness" of a party's conduct. An attorney's subjective good faith belief is no defense under the Rule. An improper purpose may be inferred from the consequences of the filing.

*Crawford Square Community v. Turner (In re Turner)*, 326 B.R. 328, 330-331 (Bankr. W.D. Pa. 2005)(citations omitted).

Argument & Analysis

In his June Motion, Mr. Brkovich avers that Attorneys Leonard and O'Halloran filed Debtor's bankruptcy petition for an improper purpose, unwarranted by existing law, in violation of Rule 9011 in that the intent of said filing was to harass Mr. Brkovich, cause unnecessary delay, and increase the cost of litigation. In particular, Mr. Brkovich alleges that Debtor's petition was filed in order to allow Debtor time to establish her disability in advance of the Master's Hearing to determine equitable distribution of the marital debt. In support of his claims, Mr. Brkovich argues that the improper purpose is evidenced by the settlement offer presented to Mr. Brkovich prior to the Master's Hearing, the costs incurred by Debtor to file bankruptcy versus the amount of debt to be discharged, and his allegation that the Debtor was solvent at the time of filing. Further, Mr. Brkovich avers that Debtor understated the value of her clothing on Schedule B and incorrectly listed Mr. Brkovich as a co-debtor on Debtor's schedules, giving rise to sanctions. In response, Attorneys O'Halloran and Leonard argue that the sanctions sought by Mr. Brkovich for the specified alleged conduct have already been denied by this Court's May 27, 2014 *Order* and further, that the Motion should be dismissed for failure to comply with Rule 9011's "safe harbor" provision.

Although raised in Attorney Leonard's response to the June Motion, neither Attorney Leonard nor Attorney O'Halloran argued at the October 27, 2015 hearing that the twenty-one day "safe harbor" provision of Rule 9011 mandated the dismissal of the June Motion despite Mr. Brkovich's assertions at the hearing that the provision was inapplicable. Further, Attorney O'Halloran did not address the issue in his post-hearing brief. As such, it appears to the Court that said defense has been abandoned. Nonetheless, even if Attorneys Leonard and/or O'Halloran had sought to enforce the "safe harbor" provision, the Court would have found it

5

inapplicable herein as Mr. Brkovich's challenge to the filing of the petition itself is excepted from the twenty-one day rule under Rule 9011(c)(1)(A).[3] Attorneys Leonard and O'Halloran, however, find greater success with their argument that sanctions have already been denied for the actions upon which Mr. Brkovich bases his claim for relief.

On November 8, 2013, Mr. Brkovich filed a *Motion for Summary Judgment* in the within adversary proceeding. Among the averments raised in the *Motion for Summary Judgment*, Mr. Brkovich argued that Attorney O'Halloran committed an abuse of the Bankruptcy Code, and should therefore be sanctioned, by seeking to discharge *marital* debt. Additionally, within the portion of the *Motion for Summary Judgment* titled "Discussion of Bankruptcy Abuse," Mr. Brkovich alleged that Attorney O'Halloran's only goal in filing the bankruptcy case was to increase his legal fees to Debtor. In his *Response to Response to Motion for Summary Judgment and Motion for Sanctions* filed January 8, 2014, Mr. Brkovich further requested that sanctions be imposed upon Attorney Leonard and Attorney O'Halloran for their "theft, dishonesty and fraudulent acts relative" to the bankruptcy case including the alleged fraudulent scheduling of the debt owed to Mr. Brkovich and theft of Master's Hearing transcripts.

With respect to these requests for sanctions, the *Order* entered by this Court on May 27, 2014, resolving the *Motion for Summary Judgment* held that, "[t]o the extent Mr. Brkovich requests sanctions against Debtor's counsel, Mr. Brkovich failed to establish a basis for sanctions. Furthermore, any allegations of misconduct by Debtor's counsel in the State Court proceedings are not properly before this Court." In ruling in this manner, this Court found that

---

[3] Fed. R. Bankr. P. 9011(c)(1)(A) provides in part that, "[a] motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). . . ."

the alleged conduct of Attorneys O'Halloran and Leonard relative to the Debtor's bankruptcy case (i.e. the scheduling of the disputed debt owed to Mr. Brkovich, the alleged filing of the bankruptcy case to discharge marital debt, etc.) did not amount to sanctionable conduct, whereas the conduct related to the state-court proceedings (i.e. the alleged theft of transcripts) was not properly before the Court. No appeal or reconsideration of the May 27, 2014 *Order* was sought by any party. Consequently, the *Order* is final.

Given the extremely broad language of Mr. Brkovich's request for sanctions citing, in part, Attorney Leonard's and Attorney O'Halloran's "theft, dishonesty and fraudulent acts relative to this bankruptcy[,]" it appears that the issue of sanctions for all alleged fraudulent and dishonest actions relative to the bankruptcy prior to at least November 8, 2013, has been finally decided by this Court.[4] However, to the extent that the issues raised in the June Motion have not been addressed by this Court previously, this Court finds that Mr. Brkovich has failed to demonstrate a basis for sanctions against either Attorney O'Halloran or Attorney Leonard.[5]

The credible testimony by Attorneys O'Halloran and Leonard at the October 27, 2015 hearing refutes the allegations of misconduct made by Mr. Brkovich and supports a finding that Debtor's bankruptcy case was filed for a proper purpose. As set forth above, Mr. Brkovich avers that the improper purpose of Debtor's bankruptcy filing is evidenced by the timing of the

---

[4] Mr. Brkovich asserts in his *Answer to Debtor's Response to Movant's Motion for Sanctions* (Doc. 77) that this Court has not officially ruled upon the issue of sanctions since his request for sanctions denied by the May 27, 2014 *Order* was not raised by a separate motion as prescribed by Rule 9011. Due to Mr. Brkovich's pro se status, this Court has been lenient with Mr. Brkovich's failure to strictly adhere to proper procedure. Now, it appears that Mr. Brkovich wishes to take advantage of this Court's leniency and errantly assert his own procedural deficiencies as a shield against the res judicata/collateral estoppel effects of the May 27, 2014 *Order*. However, this Court finds that the issue of sanctions for the actions of Debtor's counsel related to the within bankruptcy case addressed in the May 27, 2014 *Order* has been finally decided by this Court.

[5] In his response to the June Motion, Attorney Leonard raised the issue of whether Rule 9011 sanctions could be properly assessed against him in relation to the filing of Debtor's bankruptcy petition as Attorney Leonard was not counsel of record in either Debtor's bankruptcy case or the within adversary proceeding. Mr. Brkovich avers that sanctions are appropriate in this instance as Attorney Leonard appeared before this Court "in Attorney O'Halloran's stead or worked as an advocate for Debtor. . . ." The Court need not resolve this matter as the Court finds that the filing of Debtor's bankruptcy petition and completion of schedules does not give rise to relief under Rule 9011.

bankruptcy, the cost to file versus the amount ultimately to be discharged, and Debtor's alleged solvency at the time of filing.

Specific to timing, Mr. Brkovich avers that the bankruptcy was filed for the purpose of obtaining a stay in his state-court divorce proceedings to allow Debtor additional time to develop a more sympathetic persona in advance of the Master's Hearing. Mr. Brkovich argues that the timing of the filing (less than a week before the Master's Hearing) as well as an offer to settle the issue of marital debt proposed to Mr. Brkovich by Attorney Leonard, support his argument. In particular, Mr. Brkovich focuses on Attorney Leonard's alleged statement to Mr. Brkovich's counsel that if the issue of marital debt was not dropped in exchange for $1,500.00 (the cost of a bankruptcy filing), then Debtor would file for bankruptcy protection. At the hearing, Attorney Leonard credibly testified that in contrast to Mr. Brkovich's allegations, the filing of the bankruptcy was not part of a design to give Debtor time to develop a more sympathetic persona and both Attorneys O'Halloran and Leonard averred that the purpose of the filing was not to delay the state court proceedings. Instead, Attorney O'Halloran, whom Attorney Leonard testified he referred Debtor to regarding bankruptcy matters, indicated that the timing of the bankruptcy was intended, in part, to aid the Master by limiting the issues to be decided at the Master's Hearing. Further, Attorney Leonard credibly testified that the offer to settle the equitable distribution of the *marital* debt was proposed because, despite Debtor's belief that the debt was *non-marital*, Debtor thought that it would be easier to pay Mr. Brkovich the $1,500.00 than to proceed with the Master's Hearing. Mr. Brkovich offered no credible evidence to counter Attorney Leonard's and/or Attorney O'Halloran's testimony.

In addition to the timing of the filing, Mr. Brkovich asserts that the cost of the bankruptcy filing when weighed against the benefit ultimately to be realized by Debtor, as well as Debtor's

8

solvency at the time of filing, support a finding of improper purpose. At the core of this argument, Mr. Brkovich avers that since the debt to Mr. Brkovich was determined non-dischargeable,[6] the totality of the debts which will ultimately be discharged amount to a lesser sum than the costs and fees incurred by the Debtor to file the bankruptcy. Thus, Mr. Brkovich alleges that the bankruptcy will not provide an economic benefit to Debtor. At the hearing, Attorney O'Halloran credibly testified that as of the time of the bankruptcy filing, the question of what amount of Debtor's disputed debt to Mr. Brkovich was marital was unsettled and that Debtor sought to discharge as much debt as possible. Attorney Leonard also credibly testified that had the Master concluded that Debtor was responsible for some of the debt it was believed that relief would have been available to Debtor by converting to a Chapter 13 case and establishing a payment plan. Based on this testimony, the Court finds that given the unsettled nature of the debt to Mr. Brkovich, as well as the belief that Debtor would be able to convert to a Chapter 13 case, it was reasonable to file the bankruptcy petition based on the information available at the time regardless of the ultimate economic benefit to Debtor. Moreover, as to Mr. Brkovich's argument that based on Debtor's schedules Debtor was solvent at the time of filing, Mr. Brkovich himself acknowledges that insolvency is not a prerequisite to bankruptcy. Thus, Debtor's alleged solvency is not determinative of an improper purpose for the bankruptcy filing.[7]

Also raised in his pleadings, Mr. Brkovich avers that the bankruptcy case was filed for the improper purpose of discharging a *marital* debt. As set forth above, Attorney O'Halloran credibly testified that as of the date of the petition, it was Debtor's position that the debt was

---

[6] The Court notes that ultimately $10,000.00 of the scheduled $112,000.00 disputed debt to Mr. Brkovich was determined non-dischargeable.

[7] This Court makes no determination herein as to whether Debtor was solvent as of the date of her bankruptcy petition.

9

*non-marital*, however the matter had not yet been settled and Debtor sought to discharge as much of the disputed debt to Mr. Brkovich as possible. Given the unsettled nature of the debt, the credible evidence indicates that Debtor did not file for bankruptcy relief to discharge a debt known to be a non-dischargeable marital debt by scheduling her then disputed debt to Mr. Brkovich. This reasoning is supported by the testimony of Attorneys Leonard and O'Halloran, discussed above, regarding Debtor's motivations to file her bankruptcy case.

Aside from improper purpose, Mr. Brkovich argues that sanctions are warranted due to alleged inaccuracies in Debtor's bankruptcy schedules. Upon review of his pleadings, as well as his arguments at the hearing held October 27, 2015, Mr. Brkovich identifies such inaccuracies as including Debtor's alleged understatement of the value of clothing on Debtor's Schedule B; incorrect listing of Mr. Brkovich as a co-debtor on certain debts; and erroneous scheduling of debts, in whole or in part, including the $2,090.60 debt to Citi Cards and the $112,000.00 debt to Mr. Brkovich.[8] In response to these allegations, Attorney O'Halloran testified that he completed Debtor's bankruptcy schedules using the best estimates he had on the values of assets, as well as the character and amount of debt, as of the time of the filing based on information gathered from Debtor. For his part, Attorney Leonard testified that he did not participate in the completion of the schedules. Based on the credible evidence presented, the Court finds that the scheduling of assets and liabilities was done in a reasonable manner.

---

[8] Mr. Brkovich argues, in part, that Debtor's scheduling of the $112,000.00 debt to him is improper as Mr. Brkovich forgave all *non-marital* debt owed to him by Debtor. As evidence of said forgiveness, Mr. Brkovich has provided to this Court a copy of a 2012 Form 1099-C "Cancellation of Debt" issued by Mr. Brkovich to Debtor. Upon review, the Court notes that the date of the alleged forgiveness, identified on the form as the "Date of identifiable event", is December 31, 2012, three months after Debtor's September 27, 2012 bankruptcy filing. Since schedules are to reflect the liabilities of a debtor as of the date of the petition, even if Mr. Brkovich's forgiveness is valid and is effective as to the debt to Mr. Brkovich listed in Debtor's schedules, said forgiveness would have no effect on the information contained in Debtor's schedules and is therefore irrelevant to the within motions. *See* B 6F (Official Form 6F)(12/07)("State the name . . .of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.") Accordingly, this Court will make no determination as to the validity and/or effectiveness of Mr. Brkovich's forgiveness of debt. Nor will this Court address Mr. Brkovich's allegation that Attorney O'Halloran defamed Mr. Brkovich in questioning the validity of the forgiveness, as said allegation is not a matter for this Court to decide.

Mr. Brkovich failed to present any credible evidence sufficient to refute Attorney Leonard's and/or Attorney O'Halloran's testimony regarding the intended purpose of, and manner in which, the Debtor's bankruptcy petition was filed. Likewise, Mr. Brkovich failed to present any credible evidence that Debtor's bankruptcy case was intended to either harass Mr. Brkovich or increase the costs of litigation. Accordingly, the Court finds that the filing of Debtor's bankruptcy petition was for a proper purpose warranted by existing law and that the schedules were completed in a reasonable manner. Thus, Mr. Brkovich failed to show that sanctions are appropriate under Rule 9011.

Following the hearing on the June Motion and during the post-hearing briefing period, Mr. Brkovich filed his December Motion wherein he seeks sanctions against Attorneys O'Halloran and Leonard for the alleged understatement of the value of Debtor's clothing on Schedule B, as well as the alleged incorrect scheduling of debts to Mr. Brkovich and Citi Card. As set forth above, each of these issues has been raised to this Court in prior pleadings and was either formally adjudicated by the May 27, 2014 *Order* and/or litigated at the October 27, 2015 hearing and resolved herein. Accordingly, no further analysis is needed specific to the December Motion as all matters have been thoroughly considered and addressed by this Court.

In his December Motion, Mr. Brkovich warns that, should he be unsuccessful in his motion and Attorneys O'Halloran and/or Leonard fail to correct the alleged defects in Debtor's schedules, he intends to file an adversary proceeding to challenge Debtor's bankruptcy in its entirety. Given the history of the relevant adversary proceeding and bankruptcy case, it appears that any such filing would amount to an attempt by Mr. Brkovich to circumvent the res judicata/collateral estoppel effects of the order to be issued in conjunction with the within *Memorandum Opinion* denying his motions for sanctions, as well as the May 27, 2014 *Order*, as

part of a continued effort to levy some sort of punishment against Attorneys O'Halloran and/or Leonard. Accordingly, the Court cautions Mr. Brkovich against future, potentially abusive filings seeking either sanctions against Attorneys O'Halloran and Leonard for matters related to the filing of the underlying bankruptcy case and/or a determination that the bankruptcy case itself is improper, invalid, fraudulent, abusive, etc.

Following the filing of Debtor's petition, Mr. Brkovich sent a letter to this Court docketed February 6, 2013, requesting dismissal of the bankruptcy case. The Court set a hearing on the letter for March 28, 2013, at which Mr. Brkovich raised the issues of the alleged undervaluation of assets and improper scheduling of debts. Accordingly, Mr. Brkovich was aware of such claims as of March 28, 2013. At the hearing, and in the Court's order issued that same day,[9] the Court advised Mr. Brkovich that his request for dismissal was not in a proper format to obtain relief and that if he wished to seek dismissal, he would need to file a separate motion. After discussion, Mr. Brkovich stated multiple times on the record during the March 28, 2013 hearing, that he did not care if Debtor remained in bankruptcy. Subsequently, despite the Court's oral and written advisement regarding the necessity to file a motion to challenge the bankruptcy filing, and in line with his assertions that he did not care if Debtor remained in bankruptcy, Mr. Brkovich failed to file a motion to dismiss Debtor's petition. Likewise, Mr. Brkovich failed to file any objection to the bankruptcy schedules although aware of the alleged defects he now argues warrant sanctions. In fact, Mr. Brkovich has only formally asserted his discord with Debtor's schedules in his requests for sanctions against Debtor's counsel suggesting that the correction of Debtor's schedules is not Mr. Brkovich's primary objective in lodging such

---

[9] The March 28, 2013 *Order* provided, in part, that: "It is hereby **ORDERED, ADJUDGED, AND DECREED** that the Letter will not be treated by this Court as a motion to dismiss the bankruptcy case, and no further action with respect to the Letter will be taken by this Court. All requests for relief must be made by filing an appropriate motion."

complaints. This conclusion is further supported by the conditions under which Mr. Brkovich asserts that he would file an additional adversary proceeding to challenge Debtor's bankruptcy filing.

Upon review of Mr. Brkovich's representations to this Court, Mr. Brkovich's threat of an additional adversary proceeding appears to be conditioned on this Court's determination regarding sanctions as to Attorneys Leonard and O'Halloran. Specifically, Mr. Brkovich has indicated that if sanctions are found to be warranted, then he would refrain from filing the adversary proceeding thus permitting the bankruptcy case to conclude without objection.[10] In hedging his intent to file the adversary proceeding in this manner, Mr. Brkovich reinforces the perception that the target of any additional proceedings would be Attorneys O'Halloran and/or Leonard, and that Mr. Brkovich's objective is not to rectify Debtor's alleged improper bankruptcy filing.

In addition to the above, the Court observes that Mr. Brkovich's multiple claims for sanctions appear to be motivated, in part, by a disregard for law and/or procedure. Throughout these proceedings, Mr. Brkovich has sought sanctions against Attorneys O'Halloran and/or Leonard on multiple occasions in connection with the filing of Debtor's bankruptcy petition. Mr. Brkovich slightly differentiates the bases of each motion/request by focusing on a separate, alleged fault of the petition (i.e. improper purpose of discharging a marital debt; improper purpose of harassment, delay, and increasing cost of litigation; incorrect scheduling of assets and debts) despite all being known to, or at least discoverable by, Mr. Brkovich prior to the filing of the first request and all claims deriving from the Debtor's initial bankruptcy filing. It is the Court's view that filing in this manner suggests that Mr. Brkovich is attempting to improperly

---

[10] Mr. Brkovich stated in his *Response to Defamatory Brief* filed December 18, 2015, that "Movant will gladly not file an adversary proceeding if this Court recognizes the truth in its Order."

take multiple bites of the apple in seeking sanctions against Attorneys O'Halloran and Leonard for the same action: filing the Debtor's bankruptcy case; thus evidencing Mr. Brkovich's determination to have some sort of punishment assessed against Attorneys O'Halloran and Leonard.

Moreover, even though this Court has found no fraud in connection with the filing of the bankruptcy petition, assuming arguendo that Mr. Brkovich would be able to present a valid argument for a bad faith filing based on Debtor's schedules, the Court would find Mr. Brkovich's claims untimely due to the extended delay in asserting any objection to Debtor's schedules and/or bankruptcy case filing. Based upon a review of the docket, the Court notes that Debtor's bankruptcy case appears to be ready for discharge and, but for the continuation of this adversary proceeding, closing. Given that this Court rendered a decision regarding dischargeability some time ago, discharge could be granted regardless of Mr. Brkovich's filing of the within motions. In fact, it is a mere technicality that a discharge has not already been entered due to the procedures followed by the Clerk's office.

Accordingly, if Mr. Brkovich files an adversary proceeding that this Court finds to be an abuse of the judicial process, the Court intends to issue a rule to show cause why the Court should not impose sanctions and/or enjoin Mr. Brkovich from any further filings in this case.

## Conclusion

For the foregoing reasons, Mr. Brkovich failed to show that sanctions against Attorneys O'Halloran and/or Leonard are warranted pursuant to Fed.R.Bankr.P. 9011. Mr. Brkovich failed to demonstrate that the Debtor's bankruptcy petition was filed for an improper purpose, such as to harass Mr. Brkovich, cause unnecessary delay, increase the costs of litigation, or seek to

discharge a non-dischargeable marital debt. Additionally, Mr. Brkovich failed to show that Debtor's schedules were completed in an unreasonable manner or that the bankruptcy filing was unwarranted by existing law. Accordingly, Mr. Brkovich's June Motion and December Motion are denied. An appropriate Order will be entered consistent with this Memorandum Opinion.

Dated:  January 19, 2016                    /s/Carlota M. Böhm
                                                                                        Carlota M. Böhm
                                                                                        United States Bankruptcy Judge

**MAIL TO:**
Terence O'Halloran, Esq.
William Jeffrey Leonard, Esq.
Miles J. Brkovich

FILED
1/19/16 11:29 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA